# Walter *against* Bollman.

Entries in a day-book, in order to their validity as evidence of a charge, must be made, as to time, in the ordinary course of that business in which he is engaged, who makes the charge. If they be delayed over one day, they are not legal evidence to charge a defendant, unless under peculiar circumstances.

ERROR to the common pleas of *Allegheny* county.

Charles M. Bollman against Doctor A. Walter. This was an action of *assumpsit* for boarding and lodging the defendant. The defendant pleaded a set-off, and alleged that while he boarded with the plaintiff, he rendered services, as a physician, by attending the plaintiff's family. On the trial, he produced a paper writing of original entries; and, having been sworn, he answered as follows:

" This paper contains my original entries of professional services rendered to Mr Bollman (the plaintiff). The entries are in my own handwriting. About a couple of days elapsed, sometimes, after the services were rendered, before the entries were made: generally, the entry was made on the day I rendered the service. I made an

[Walter v. Bollman.]

entry at the time; I had no book. I did not intend to charge Mr Bollman any thing at the time, although I made the entry, provided his conduct towards me should be what was right."

The defendant then offered the entries in evidence, which was objected to by plaintiff, and the court (Dallas, president) rejected the same, which was the subject of the error assigned.

*Vanamridge*, for plaintiff in error, cited 13 *Serg. & Rawle* 127; 4 *Serg. & Rawle* 3.

*M'Candless, contra*, cited 1 *Rawle* 435; 2 *Watts* 441; 4 *Rawle* 291.

PER CURIAM.—This paper is not such a book as the law requires. The entries ought to be made in the course of the parties' business; and here the defendant would seem not to have been in business at all, for he did not seek it. They ought also to be made with an intent to charge, and such an intent is disproved by the defendant's own oath. Besides, the entries were not made regularly as the services were rendered. A day-book ought to be a register of the day's transactions, but cannot be a safe one if they are not registered at the close of the day, or during the succeeding one. Certainly more than one day ought not to intervene, unless there were something very peculiar in the nature of the business. Here there was nothing to require or excuse postponement, and yet two days were sometimes suffered to intervene, and it would be dangerous to give the usual effect to entries thus deferred.

Judgment affirmed.